**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| TAMEKA CHANETTE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA INTERNATIONAL TERMINALS, LLC,<br><br>Defendant. | Case Nos. 2:24-cv-160 &<br>2:25-cv-518 |

**OPINION & ORDER**

In these two cases, Plaintiff Tameka Chanette Johnson attempts to bring various claims against her employer, under Title VII of the Civil Rights Act of 1964. Defendant Virginia International Terminals, LLC (VIT) moved for summary judgment[1] in both cases because, in a collective bargaining agreement (CBA), the plaintiff waived her right to litigate her claims in a judicial forum. The plaintiff contends that she should be allowed to proceed in federal court because her union failed to adequately pursue the matters on her behalf. But that does not change the plaintiff's waiver, so VIT is entitled to judgment.

[1] VIT also moved, in the alternative, to dismiss these cases with prejudice. 2:24-cv-160, ECF No. 20; 2:25-cv-518, ECF No. 14. Because resolving these issues requires evidence outside the amended complaints, summary judgment is the appropriate mechanism.

## I. BACKGROUND

The following undisputed facts are sufficient to enable the Court to resolve the motions:[2]

1. VIT employed the plaintiff. ECF No. 21-1 at 3 ¶¶ 6–7; ECF No. 21, Statement of Facts (SOF) ¶ 1; ECF No. 29 at 2.

2. The plaintiff was a member of International Longshoremen's Association (ILA) Local 1248, which was a party to a CBA with VIT. ECF No. 21-1 at 2 ¶ 2; ECF No. 21, SOF ¶ 2; ECF No. 29 at 2; *see also* ECF No. 21-1 at 6–156 (Hampton Roads Portwide Agreement).

3. The CBA establishes a Contract Board to interpret the CBA and resolve disputes between VIT and its employees. ECF No. 21-1 at 3 ¶ 5; ECF No. 21, SOF ¶ 3; ECF No. 29 at 2.

4. Section 26(5) of the CBA provides:

> Any and all disputes, claims, charges or complaints arising under this Section, including those claiming a violation of Title VII of the Civil Rights Act of 1964, . . . shall be brought before the Contract Board, in accordance with the provisions set forth in this Contract. Decisions rendered in accordance with the Contract Board provisions of this Contract, by the Contract Board or, if necessary, by an arbitrator, with respect to such disputes, claims, charges or complaints shall be final and binding upon the parties and the affected employees. The parties and the affected employees waive any rights they may otherwise have to pursue such disputes, claims, charges, or complaints in any judicial forum.

ECF No. 21-1 at 284–85; ECF No. 21, SOF ¶ 4; ECF No. 29 at 2.

---

[2] This Court cites documents in the record using the pagination assigned by CM/ECF. Because the motions in each case are materially identical, the Court cites the briefing associated with the case filed first in time (2:24-cv-160).

## II. LEGAL STANDARD

A court may "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Med. Mut. Ins. Co. of N. Carolina v. Gnik*, 93 F.4th 192, 200 (4th Cir. 2024) (citation omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To do that, the movant must support their assertions as to undisputed facts by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

If the moving party is successful in the first instance, then the burden "shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial." *Gnik*, 93 F.4th at 200 (citation and quotation marks omitted); *see Celotex*, 477 U.S. at 324. "The facts and all justifiable inferences arising therefrom must be viewed in the light most favorable to the non-movant." *Gnik*, 93 F.4th at 200 (citation omitted). However, if the non-movant "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or may

"grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, courts are not required to consider any materials in the record outside what the parties include with their briefing. Fed. R. Civ. P. 56(c)(3).

**III. ANALYSIS**

In exchange for the benefits of union membership, the plaintiff gave up her right to litigate a Title VII action in a judicial forum. That waiver is enforceable even though the plaintiff contends she does not have agency over whether to pursue her claims herself.

"[A] union-negotiated CBA may waive an employee's statutory right to litigate [their] employment discrimination claims in a judicial forum," *E. Associated Coal Corp. v. Massey*, 373 F.3d 530, 533 (4th Cir. 2004), as long as the waiver is "clear and unmistakable," *Wright v. Universal Maritime Serv. Corp.,* 525 U.S. 70, 80 (1998). The plaintiff admits that § 26(5) of the CBA contains a clear and unmistakable waiver of any right to pursue a Title VII claim in court. *See* ECF No. 21 at 7 (presenting this argument); ECF No. 29 at 6 (conceding that the provision is clear on its face). However, she contends that the waiver cannot be enforced against her because the ILA, which "controls access" to the Contract Board, did not present her Title VII claims after she asked it to do so. ECF No. 29 at 6.

Fourth Circuit law forecloses that argument. In *Safrit v. Cone Mills Corp.*, an individual sought to bring Title VII claims in federal court despite a CBA that

required arbitration[3] and gave the union the sole power to advance a claim in that forum. 248 F.3d 306, 307 (4th Cir. 2001). The Fourth Circuit expressly rejected the contention that the individual's inability to pursue the claim herself vitiated enforceability of the CBA's waiver. *Id.* at 308.[4]

Applying *Safrit*, the Honorable Rebecca Beach Smith enforced a judicial forum waiver that is materially identical to the one here, concluding that the court cannot "allow [a] plaintiff to simply ignore [a] bargained-for dispute resolution mechanism because it is not [their] preferred method of pursuing [their] claims." *Saunders v. Int'l Longshoremen's Ass'n, AFL-CIO*, 265 F. Supp. 2d 624, 628 (E.D. Va. 2003). The plaintiff attempts to distinguish her case from *Saunders* on the ground that she was comparatively more diligent in pursuing her claim with the union. *See id.* at 626 (Saunders "was advised of her right to file a grievance with the Contract Board . . . but declined to do so"); ECF No. 29 at 9 (arguing "*Saunders* never decided whether an employee is bound when her union fails to present her claims"). That does not matter. As *Safrit* recognized, enforceability of the waiver depends on the contractual

---

[3] The fact that the CBA here requires presentation to the Contract Board before arbitration does not change the outcome. *See Gen. Drivers, Warehousemen & Helpers, Loc. Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963) (finding committee action enforceable as "the parties' chosen instrument for the definitive settlement of grievances" under a CBA); *Davenport v. Richfood*, No. 3:07-cv-595, 2008 WL 2439877, at *3 (E.D. Va. June 13, 2008) (applying *Ge. Drivers, Warehousemen & Helpers* to conclude that "a joint labor-management committee is accorded the same status as arbitrators when the parties have designated the committee as its choice for binding settlement of grievances").

[4] The plaintiff contends the Supreme Court has left open the possibility that a CBA that prevents employees from vindicating federal statutory rights might be unenforceable. ECF No. 29 at 5 (citing *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, 1474 (2009)). To the extent there is space in the Supreme Court's jurisprudence on this point, the Fourth Circuit has filled in the gap.

language, not on case-by-case determinations about the conduct of employees or their union representatives. *Safrit*, 248 F.3d at 308 (rejecting the argument that the plaintiff's "good-faith compliance with the grievance provisions of the governing CBA should preserve her right to pursue claims in a federal forum").

Finding no meaningful difference between this case and *Safrit*, the Court holds that the CBA's waiver clause is enforceable against the plaintiff, so she cannot bring a Title VII claim in this forum.[5]

## IV. CONCLUSION

Defendant Virginia International Terminals, LLC's motions for summary judgment (2:24-cv-160, ECF No. 20; 2:25-cv-518, ECF No. 14) are **GRANTED**.

The Clerk is **DIRECTED** to enter judgment for VIT in both actions and close the cases.

The motions to consolidate filed in each case (2:24-cv-160, ECF No. 22; 2:25-cv-518, ECF No. 16) are **DISMISSED** as **MOOT**.

**IT IS SO ORDERED.**

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 24, 2026

[5] Because this conclusion resolves the motions for summary judgment, the Court need not engage with the parties' other arguments.